UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BING WANG,                                                  Case No. 25-10393

    Plaintiff,                                            F. Kay Behm
v.                                                                United States District Judge

COAST 2 COAST TEMP HOUSING, SAM SESI,

    Defendants,
and

SAM SESI,

    Third Party Plaintiff,
v.

DANA MCALLISTER, GLOBAL PROPERTY
SPECIALISTS LLC, PRUDENTIAL REALTY LLC,
FEI QIN, FRASIER QIN, YUAN HUANG,

    Third-Party Defendants,
and

SAM SESI,

    Counter-Plaintiff
v.

BING WANG,

    Counter-Defendant.
_____/

**OPINION AND ORDER REMANDING CASE TO STATE COURT**

1

## I. PROCEDURAL HISTORY

Third-Party Defendant Dana McAllister removed this action to federal court from state district court on February 10, 2025. (ECF No. 1). As explained below, a third-party defendant is not permitted to remove a matter to federal court, and thus, this matter must be remanded to state court for lack of subject matter jurisdiction.

## II. ANALYSIS

The statute authorizing removal from state court to federal court, 28 U.S.C. § 1441(a), states that cases may be removed by "the defendant or the defendants." The term "defendant" in the removal statute has been narrowly construed to refer only to defendants in the traditional sense, meaning parties against whom the plaintiff asserts claims. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941). Likewise, counterclaim or third-party defendants, including cross-defendants, are not "defendants" who may remove an action to federal court. *See id.* (holding that the removal statute must be narrowly interpreted to authorize removal only by traditional defendants); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007) (affirming "*Shamrock's* longstanding rule that a plaintiff/cross-defendant cannot remove an

action to federal court); *In Re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("[§ 1441 does] not provide a basis for removal by a third-party defendant."); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("§ 1441(a) does not permit removal by any counterclaim defendant"); *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) ("§ 1441(a) does not permit removal by any counterclaim defendant."). As a third-party defendant, McAllister is not permitted to remove this matter to federal court.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[A] finding that removal was improper deprives th[e] court of subject matter jurisdiction and obliges a remand under the terms of § 1441(c)." *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) (citing *Brewer v. Dep't of Housing and Urban Dev.*, 508 F. Supp. 72, 74 (S.D. Ohio 1980)). Here, because McAllister, as a third-party defendant, is not permitted to remove this matter to federal court, the removal was improper. Accordingly, the court lacks subject matter jurisdiction and is obligated to remand this matter to state district court.

**III.     CONCLUSION**

Because the court lacks subject matter jurisdiction over this case, the court **REMANDS** this case to state court.

**SO ORDERED**.

Date:  February 18, 2025                    s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge